Michael A. Siddons (NJ ID#017592008)
The Law Office of Michael Alan Siddons, Esquire
230 N. Monroe Street
Media, PA 19063
Tel: 609-285-3999
msiddsons@siddonslaw.com
Attorney for Plaintiff,
Mindasul Que

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| Mindasul Que, | : | |
| Plaintiff, | : | Civil Case No.: |
| vs. | : | |
| GC Services, LP, | : | |
| | : | |
| Defendant. | : | |
| | : | |

MINDASUL QUE (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against GC SERVICES, LP (Defendant):

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court

Case 2:15-cv-07819-KM-JBC   Document 1   Filed 10/30/15   Page 2 of 4 PageID: 2

without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained therein.

3. Defendant conducts business in the State of Ohio, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Edison, Middlesex County, New Jersey.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

7. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and sought to collect a consumer debt from Plaintiff.

8. Defendant is a debt collection company with its headquarters in Houston, Texas.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Defendant places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

11. Plaintiff's alleged debt arises from transactions for personal, household, and/or family purposes.

12. Defendant places collection calls to Plaintiff at 848-391-10XX.

13. On or around September 17, 2015 Defendant, though its representative "Ryan Smith" placed a collection call to Plaintiff and left a voicemail message.

14. In the voicemail message, Defendant's representative failed to disclose the name of the company placing the call, failed to state that the call was being placed by a debt collector, and failed to state that the call was being placed to collect an alleged debt. *See* Transcribed Voicemail Message attached hereto as Exhibit "A".

15. In the voicemail message, Defendant's representative directed Plaintiff to return the call to 866-749-7275, which is a number that belongs to Defendant. *See* Exhibit "A".

16. In or around 2015 Defendant, though its representative "Dan" placed a collection call to Plaintiff and left a voicemail message.

17. In the voicemail message, Defendant's representative failed to disclose the name of the company placing the call, failed to state that the call was being placed by a debt collector, and failed to state that the call was being placed to collect an alleged debt. *See* Transcribed Voicemail Message attached hereto as Exhibit "B".

18. In the voicemail message, Defendant's representative directed Plaintiff to return the call to 866-749-7275, which is a number that belongs to Defendant. *See* Exhibit "B".

19. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

20. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692d(6) of the FDCPA by placing collection calls to Plaintiff without meaningful disclosure of the caller's identity.

b. Defendant violated §1692e(11) of the FDCPA by failing to disclose in its communications with Plaintiff that the communications were from a debt collector.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

21. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k,* and

23. Any other relief that this Honorable Court deems appropriate.

DATED:  October 30, 2015          The Law Office of Michael Alan Siddons, Esquire

                                  By:/s/_ Michael A. Siddons
                                       Michael A. Siddons, Esquire
                                       NJ ID#017592008
                                       The Law Office of Michael Alan Siddons, Esquire
                                       230 N. Monroe Street
                                       PO Box 403
                                       Media, PA 19063